United States District Court
Southern District of Texas
**ENTERED**
October 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV, SREAM, INC., | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | Case No. 4:18-CV-3828 |
| A1 SMOKE SHOP INC., SAJID WALI, | § § § § | |
| *Defendants.* | § § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiffs' RooR International BV ("RooR International") and Sream, Inc. ("Sream") (collectively, "Plaintiffs") motion for default judgment against Defendant A1 Smoke Shop Inc. ("A1"). *See* Motion for Default Judgment, ECF No. 10 ("Mot. for Default J.").[1] Based on a review of the record, motion, supporting affidavits, and relevant law, the Court recommends the motion for default judgment be denied without prejudice for improper service of the summons, complaint, and motion for default judgment.

---

[1] The District Judge to whom this case is assigned referred the motion for default judgment to this Court for Report and Recommendation. *See* Order of Referral, ECF No. 11; *see also* 28 U.S.C. § 636(b)(1)(B).

1

## I. PROCEDURAL HISTORY

Plaintiffs filed this action against A1 and Sajid Wali ("Wali") (collectively, "Defendants") on October 16, 2018, alleging violations of the Lanham Act, 15 U.S.C. § 1051 *et seq. See* Complaint, ECF No. 1 ("Compl."). A1 failed to appear or otherwise respond to the complaint. On March 6, 2019, Plaintiffs moved for entry of default, which the Clerk of Court granted. *See* Motion for Entry of Clerk's Default, ECF No. 8; Entry of Default, ECF No. 9.[2] On March 25, 2019, Plaintiffs filed a motion for default judgment against A1.

In support of the motion for default judgment, Plaintiffs filed two affidavits purporting to have served A1 with the summons and complaint, through an authorized agent known as "Bobby," at its principal place of business located at 2034 Sam Houston Avenue, Huntsville, Texas 77340. *See* Affidavit of Service, ECF No. 6 ("Service Aff. 1"); Affidavit of Service, ECF No. 7 ("Service Aff. 2"). The process server named Kasey Moreland ("Moreland") signed and notarized both affidavits; one affidavit purported to have served "Bobby" on December 5, 2018, and the other purported to have served "Bobby" on December 12, 2018. *See* Service Aff. 1; Service Aff. 2.

---

[2] Plaintiffs allege that Wali "owned, managed, and/or operated A1." Compl. ¶ 8. The record does not reflect, however, that Plaintiffs served Wali with the summons and complaint.

Plaintiffs also submitted an affidavit from their attorney that was not entirely consistent with the service affidavits. *See* Affidavit of Attorney, attached as Ex. 1 to Mot. for Default J., ECF No. 10 ("Att'y Aff."). The attorney's affidavit stated that the December 5 service was effectuated on "Bobby" and the December 12 service was effectuated on Moreland as an employee of A1. *See id.* ¶ 3.

Plaintiffs also certified that they mailed A1 a copy of the motion for default judgment in compliance with Local Rule 5.5. Certificate of Compliance, ECF No. 12 ("Local Rule 5.5 Cert.").

Based on this proof, Plaintiffs seek entry of a default judgment against A1.

## II. THE MOTION FOR DEFAULT JUDGMENT MUST BE DENIED DUE TO DEFECTIVE SERVICE OF THE COMPLAINT

Rule 55 allows a party to move for default judgment after the Clerk of Court has entered default. FED. R. CIV. P. 55(b)(2); *see N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Entry of default does not, however, automatically entitle a plaintiff to a default judgment. *Hanover Ins. Co. v. Firth Const. Co.*, No. 13-CV-2573, 2014 WL 4660744, at *2 (W.D. La. Sept. 14, 2014). Default judgments are disfavored and left to a court's discretion. *Boost Worldwide, Inc. v. Cobos*, No. 12-CV-342, 2012 WL 12881968, at *2 (W.D. Tex. Dec. 21, 2012). "[A]ny doubt as to whether a default judgment should be entered must be resolved in favor of the defaulting party." *Id.*

It is axiomatic that a defendant has no duty to answer a lawsuit until properly served; and consequently, a plaintiff is not entitled to obtain a default judgment until proper service is effectuated. *U.S. Enercorp, Ltd. v. SDC Mont. Bakken Expl., LLC*, No. 12-CV-1231, 2014 WL 3420480, at *6 (W.D. Tex. July 10, 2014); *accord Douglas v. Pilgrim Senior Citizens Hous. Dev. Corp.*, No. 11-CV-3637, 2012 WL 3277083, at *1 (S.D. Tex. Aug. 9, 2012) (absent proper service of process, any default judgment is void.). A plaintiff bears the burden of demonstrating proper service of a complaint and summons. *Pate v. Zientz*, No. 09-CV-643, 2010 WL 3767573, at *1 n.2 (E.D. Tex. Aug. 27, 2010) (recommending denial of default judgment) ("Plaintiffs have failed to satisfy their burden to show that the Defendant was served by a proper person using a proper method and, therefore, service on the Defendant was not properly effected."), *report and recommendation adopted*, 2010 WL 3767567 (Sept. 21, 2010); *cf. Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see* FED. R. CIV. P. 4(c)(1).

### A. The Federal Rules Provide Several Means for Service of Process, None of Which Were Followed

Under the Federal Rules of Civil Procedure, a corporation can be served in two ways: (1) by delivery "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) "in the manner prescribed by Rule 4(e)(1) for serving an individual." FED. R. CIV. P.

4(h)(1). Rule 4(e)(1) allows for service under state law "where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

### *i. Plaintiffs have not complied with Rule 4(h)(1)(B)*

Plaintiffs were required to establish that service was made on an officer, manager, or authorized agent. *See* FED. R. CIV. P. 4(h)(1)(B). Although the affidavits of service state that Moreland served an authorized agent, Plaintiffs have failed to meet their burden. *See* Service Aff. 1; Service Aff. 2.

While "[t]he general rule is that a signed return of service constitutes prima facie evidence of valid service," *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quotations and alterations omitted), a court "need not assume service was proper, even on a motion for default judgment, if the affidavits are inconsistent or unreliable." *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *3 (E.D.N.Y. Jan. 28, 2019). Plaintiffs' evidence fails because the affidavits are inconsistent and unreliable.

The service affidavits not only conflict with each other, but also with Plaintiffs' attorney's affidavit. One service affidavit states that service occurred on "Bobby" at 5:30 P.M. on December 5, 2018, while the other states that service occurred on "Bobby" at 5:30 P.M. on December 12, 2018. *See* Service Aff. 1; Service Aff. 2. Without any further explanation of why service was necessary the second time, service twice on the same person at the exact same time, but on two

different dates, seems odd and unlikely. Moreover, contrary to the express statements in the service affidavits, Plaintiffs' attorney's affidavit states that service occurred once on "Bobby" and once on Moreland. *See* Att'y Aff. ¶ 3. While service on two different people seems to make more sense, the attorney's affidavit is unreliable because Moreland was the process server. *See* Service Aff. 1; Service Aff. 2.

Even more significantly, Plaintiffs have failed to establish that the recipient of service was authorized to receive it. Plaintiffs identify "Bobby" as an employee authorized to accept service without any explanation whether he is an officer, manager, general agent, or person otherwise authorized by law to accept service. *See* Att'y Aff. ¶ 3. A person identified only by his first name without more is not sufficient under Rule 4. *See Douglas*, 2012 WL 3277083, at *2 (identifying a managing or general agent as a person "vested with general powers involving the exercise of independent judgment and discretion" of the corporation, meaning a person "responsible for any substantial aspect of the corporation's operations") (quotations omitted). The Fifth Circuit interprets Rule 4(h)(1)(B) strictly, requiring that any agent of the corporation must in fact be authorized to accept service on its behalf. *See Fyfee v. Bumbo Ltd.*, No. 09-CV-301, 2009 WL 2996885, at *3 (S.D. Tex. Sept. 16, 2009) ("[D]elivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or

accepts service.") (quotations omitted); *see also Lisson v. ING Groep N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (same).

The Secretary of State's website does not reveal that "Bobby" is A1's registered agent. *See* TEX. SEC'Y OF STATE, BUS. SERVS., *SOS Direct*, https://www.sos.texas.gov/corp/sosda/index.shtml (last visited Oct. 15, 2019) (hereinafter "*SOS Direct*"). Instead, Defendant Wali, who was apparently never served in this action, is the only registered agent of A1. *See id*. Plaintiffs have failed to provide proof that Bobby was in fact authorized to receive service on A1's behalf. *See U.S. Enercorp, Ltd.*, 2014 WL 3420480, at *6 ("Sylvia Suttles was not authorized to accept service of process on behalf of the Dedmon Entities because she is not a registered agent or officer of the entities. . . . [E]ven if Sylvia Suttles represented herself as authorized to accept service, the Court must find that proper service could not be achieve[d] through her because she was not actually authorized to accept service.").

Thus, Plaintiffs have not demonstrated proper service under Rule 4(h)(1)(B). *See Yu-Ping Oyoung v. SNC-Lavalin Prod. & Processing Sols.*, No. 15-CV-3725, 2018 WL 4838598, at *3 (S.D. Tex. Sept. 14, 2018) ("[N]either a default nor a default judgment is available to Oyoung because Plaintiff failed to properly serve the possible Defendant as per the rules of Federal Civil Procedure."), *report and recommendation adopted*, 2018 WL 4827273 (Oct. 4, 2018).

### *ii. Plaintiffs have not complied with Texas law*

Plaintiffs could have served A1 according to Texas law. *See* FED. R. CIV. P. 4(h)(1)(A) & (e)(1). "Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice president." *Henderson v. Republic of Texas*, 672 F. App'x 383, 385 (5th Cir. 2016) (citing Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.255(1)).[3]

Plaintiffs do not claim "Bobby" is president or vice president of A1, nor is "Bobby" A1's registered agent. *See SOS Direct*; Att'y Aff. ¶ 3. Plaintiffs thus did not serve A1 using Texas law. *See, e.g.*, *Loyola de Rios v. Bank of Am., N.A.*, No. 11-CV-537, 2011 WL 13324293, at *1 (W.D. Tex. Sept. 2, 2011) (denying motion for default judgment for improper service under Texas law) ("[T]he position of Nelson Hernandez within Bank of America is unknown. To accept process, a corporation acts through its authorized employees or its authorized agents. There is no evidence that Hernandez is authorized to accept service on behalf of Bank of America. Therefore, the Court finds that service on defendant . . . is defective.") (citation omitted).

---

[3] A corporation "'is not a person capable of accepting process on its own behalf, and it therefore must be served through an agent.'" *Westchester Fire Ins. Co. v. Saab Site Contractors, L.P.*, No. 17-CV-333, 2018 WL 7283632, at *1 (W.D. Tex. Oct. 30, 2018) (quoting *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App. 2013)); *see* TEX. R. CIV. P. 106(a). The agents through which a corporation can be served under Rule 106(a) include, the registered agent, president, or vice president. *Paramount Credit*, 420 S.W.3d at 230. A plaintiff may also effectuate service through the Texas Secretary of State "[i]f a corporation fails to maintain a registered agent in Texas or the registered agent cannot be served through reasonable diligence." *Henderson*, 672 F. App'x at 385 (citing Tex. Bus. Orgs. Code Ann. § 5.251).

Service was therefore improper under Rule 4 and Texas law. *See, e.g.*, *Lawson v. GEICO*, No. 15-CV-481, 2015 WL 6161247, at *2 (W.D. Tex. Oct. 19, 2015) ("[T]he record shows that Summons were issued to Ms. Moore, who serves as Defendant's outside counsel. Ms. Moore is not Defendant's registered agent, president, or vice president under Texas law, nor is she 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process' on behalf of Defendant under Rule 4(h)(1)(B). Plaintiff has thus failed to properly serve Defendant under Rule 4.").

Because Plaintiffs have failed to establish proper service on A1, Plaintiffs' motion for default judgment should be denied. *See, e.g.*, *Diamond Servs. Corp. v. Oceanografia SA de CV*, No. 10-CV-177, 2013 WL 312368, at *7 (W.D. La. Jan. 24, 2013) ("[P]laintiff has not carried his burden to establish DON–Dive was properly served, and a default judgment under such circumstances would not be proper."); *Pate*, 2010 WL 3767573, at *1 ("[B]ecause it appears that Ameriquest has not been properly served, Plaintiffs are not entitled to default judgment.").

### III. THE MOTION FOR DEFAULT JUDGMENT MUST BE DENIED DUE TO DEFECTIVE SERVICE OF THE MOTION

Even if Plaintiffs had properly served A1 with the summons and complaint, they have not adequately demonstrated compliance with the local rules for service of their motion for default judgment.

Local Rule 5.5 for the Southern District of Texas requires a plaintiff moving for default judgment to serve a copy of the motion on the defaulting party by certified mail, with return receipt requested. LOC. CIV. R. 5.5. Failure to comply with Local Rule 5.5 warrants denial of a motion for default judgment. *See, e.g.*, *United Van Lines, LLC v. Lerner*, No. 17-CV-1442, 2018 WL 1166312, at *2 (S.D. Tex. Mar. 5, 2018) ("Without compliance with Local Rule 5.5, the Court will not grant default judgment."); *Herzberg v. Office Furniture Innovations L.L.C.*, No. 08-CV-508, 2008 WL 4551393, at *1 (S.D. Tex. Oct. 9, 2008) ("Pursuant to Local Rule 5.5, motions for default judgment must be served on the defendant by certified mail, return receipt requested. To date, Herzberg has not demonstrated service in compliance with Local Rule 5.5; therefore, Herzberg's requests for entry of default and motions for default judgment are denied.") (citation omitted).

Here, although Plaintiffs filed a certificate of compliance with Local Rule 5.5, the certificate is inadequate to prove service of the motion on A1. First, Plaintiffs certificate fails to state the address to which the motion was mailed. *See* Local Rule 5.5 Cert., ECF No. 12. Second, Plaintiffs failed to attach a copy of the signed return receipt and instead attached a copy of the returned envelope, addressed to Wali at a Louetta Road address with a zip code of 77379-8163. *See* Envelope, attached to Local Rule 5.5 Cert., ECF No. 12. Although the Secretary of State's website shows that Wali is A1's registered agent at 5015 Louetta Road, Spring, Texas 77379,

10

Plaintiffs' evidence does not show that the motion was mailed to *5015* Louetta Road because the return-to-sender sticker covers the number. *See id*. Third, the Secretary of State's website lists Apartment 521 and zip code 77379-8186. *SOS Direct*. Plaintiffs failed to include an apartment number and used a different zip code, 77379-8163. *See* Envelope, ECF No. 12. Finally, the mailing was returned as undeliverable and marked with "RETURN TO SENDER," "VACANT," and "UNABLE TO FORWARD." Local Rule 5.5 Cert., ECF No. 12, ¶ 2.

Given that the Plaintiffs failed to adequately address the envelope to the building number, apartment number, and zip code reflected on the Secretary of State's website, and the envelope was returned as undeliverable, Plaintiffs have failed to prove that they properly served the motion for default judgment under Local Rule 5.5. Therefore, the Court recommends the motion be denied.[4]

## IV. CONCLUSION

The Court recommends that the Entry of Default be **VACATED** and Plaintiffs' motion for default judgment be **DENIED WITHOUT PREJUDICE**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual**

---

[4] If Plaintiffs were unable to serve A1 with the summons, complaint, or motion because they could not locate Wali, its registered agent, they should have filed a motion with this Court asking for substituted service on the Secretary of State. *See Henderson*, 672 F. App'x at 385 (citing Tex. Bus. Orgs. Code Ann. § 5.251).

11

**findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on October 18, 2019.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**